IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SABRINA A. BLUNDELL, on behalf of | § | |
| Herself and all others similarly situated, | § | |
| and ALICIA K. MORGAN, on behalf of | § | |
| Herself and all others similarly situated, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | No. 3:17-cv-1990-L-BN |
| | § | |
| HOME QUALITY CARE HOME | § | |
| HEALTH CARE, INC. d/b/a Bethany | § | |
| Home Health Services, BRADLEY P. | § | |
| LASSITER, and WYNDALL S. | § | |
| LANDERS, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

This case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Sam A. Lindsay. *See* Dkt. No. 18.

The Court must now address the nondispositive matter of the effect of the recent bankruptcy filings of Defendant Home Quality Care Home Health Care, Inc., d/b/a Bethany Home Health Services on Plaintiffs Sabrina A. Blundell and Alicia K. Morgan's claims in this case against Defendants Home Quality Care Home Health Care, Inc., d/b/a Bethany Home Health Services, Bradley P. Lassiter, and Wyndall S. Landers, in light of the automatic stay provisions of 11 U.S.C. § 362. *See generally Gonzales v. Allstate Vehicle & Prop. Ins. Co.*, No. 6:17-CV-58-RP-JCM, 2017 WL

4678238, at *1 (W.D. Tex. Oct. 17, 2017) ("Although the Fifth Circuit has never decided whether a motion to sever and abate is a nondispositive matter for the purposes of 28 U.S.C. § 636(b) and [Federal Rule of Civil Procedure] 72, this Court construes motions to sever as nondispositive under those provisions for the following reasons."); *Weiters v. Vannoy*, Civ. A. No. 16-14945, 2017 WL 736313, at *1 n.1 (E.D. La. Feb. 24, 2017) ("A magistrate judge has authority to address a motion to stay a proceeding, when the order is not dispositive in that it merely suspends the proceedings and does not result in an absolute denial of ultimate relief."); *U.S. ex rel. Becker v. Tools & Metals, Inc.*, Nos. 3:05-cv-627-L & 3:05-cv-2301-L, 2013 WL 1293818, at *3 (N.D. Tex. Mar. 31, 2013) ("Motions to stay are nondispositive in nature and thus are subject to the 'clearly erroneous or contrary to law' standard of review."); *S.E.C. v. Kornman*, No. 3:04-cv-1803-L, 2006 WL 148733, at *2 (N.D. Tex. Jan. 18, 2006) ("The United States' Expedited Motion to Intervene and its Expedited Application for Stay of Proceedings, referred to the magistrate judge, are nondispositive motions.").

## Background

On October 24, 2017, Defendants Bradley P. Lassiter and Wyndall S. Landers filed a Suggestion of Bankruptcy for Defendant Home Quality Care Home Health Care, Inc. d/b/a Bethany Home Health Services, *see* Dkt. No. 32, in which they advised the Court of (1) the petition that on October 23, 2017 commenced the chapter 7 case of *In Re Home Quality Care Home Health Care, Inc.*, Case No. 17-33958-sgj7 (Bankr. N.D. Tex.) and (2) the petition that on October 23, 2017 commenced the chapter 7 case of *In*

*Re Bethany Home Health of Nacogdoches, Inc.*, Case No. 17-33961-bjh7 (Bankr. N.D. Tex.).

The Court then ordered the parties to file briefs explaining their "views on the effect of these bankruptcy filings on Plaintiffs' claims against Defendants Home Quality Care Home Health Care, Inc., d/b/a Bethany Home Health Services ['Bethany')] and against Defendants Bradley P. Lassiter and Wyndall S. Landers, in light of the automatic stay provisions of 11 U.S.C. § 362." Dkt. No. 33.

Plaintiffs Sabrina A. Blundell and Alicia K. Morgan filed a brief asserting that "this Court should issue an order providing that: 1. Plaintiffs' FLSA and Texas Wage Theft Claims against Bethany are stayed and severed due to Bethany's bankruptcy filing; 2. The Section 362 Stay does not apply to Plaintiffs' FLSA claims against Lassiter and Landers, and those claims in this lawsuit shall proceed; 3. All pending case management order deadlines, if any, applicable to Plaintiffs' claims against Bethany are terminated; and 4. Plaintiffs' rights, if any, to file a motion to lift the stay of Plaintiffs' FLSA and Texas Wage Theft Claims against Bethany shall continue until 30 days after Bethany's bankruptcy proceedings are concluded or dismissed." Dkt. No. 35 at 6.

Defendants Bradley P. Lassiter and Wyndall S. Landers filed a brief contending that "[t]his case is subject to an automatic Section 362 bankruptcy stay from the bankruptcy proceedings for Home Quality Care Home Health Care, Inc. and Bethany Home Health Services (together, the 'Corporate Defendants')" and that "the stay should be extended to Lassiter and Landers because the joint and several liability of the [Fair

Labor Standards Act ('FLSA')] will negatively impact the bankruptcy estate, could have preclusive effect against the Corporate Defendants' rights, and will violate the purposes of any bankruptcy stay for the Corporate Defendants" and requesting that "this Court stay Plaintiffs' claims against them pending the outcome of the bankruptcy proceedings." Dkt. No. 37 at 1-2. According to Lassiter and Landers, "[r]efusing to extend the stay would require 'one litigant in one cause [to] be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both.'" *Id.* at 1 (quoting *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 544-45 (5th Cir. 1983) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936))).

## Legal Standards and Analysis

11 U.S.C. § 362(a)(1) provides for an automatic stay of any judicial "proceeding against the debtor." "Section 362(a)(3) provides that the filing of a petition 'operates as a[n] [automatic stay] applicable to all entities, of ... any act to obtain possession of property of the estate or of property from the estate'" or "to obtain or exercise control over the property of the debtor." *Matter of S.I. Acquisition, Inc.*, 817 F.2d 1142, 1148 (5th Cir. 1987) (quoting 11 U.S.C. § 362(a)(3)). In short, the automatic stay generally forestalls any action against debtors in bankruptcy but not against co-debtors, co-tortfeasors, or other non-debtors. *See Reliant Energy Servs., Inc. v. Enron Can. Corp.*, 349 F.3d 816, 825 (5th Cir. 2003).

The United States Court of Appeals for the Fifth Circuit has held that "a section 362(a)(1) stay is available only for the debtor's benefit and does not prohibit actions against nonbankrupt third parties or codefendants." *Matter of S.I. Acquisition*, 817

F.2d at 1147. Thus, "it is well-established 'that the protections of § 362 neither apply to co-defendants nor preclude severance.'" *Hamel-Schwulst v. Country Place Mortg. Ltd.*, 406 F. App'x 906, 911 (5th Cir. 2010) (quoting *Wedgeworth*, 706 F.2d at 544).

Further, "[t]he automatic stay of the bankruptcy court does not divest all other courts of jurisdiction to hear every claim that is in any way related to the bankruptcy proceeding," and courts retain jurisdiction "to determine the applicability of the stay to litigation pending before them, and to enter orders not inconsistent with the terms of the stay." *Picco v. Global Marine Drilling Co.*, 900 F.2d 846, 850 (5th Cir. 1990); *see also Arnold v. Garlock Inc.*, 288 F.3d 234, 236 (5th Cir. 2002) (citing cases).

One exception to the general rule against extending the stay to non-debtors has been applied where there is "an actual relationship with the debtor such that any judgment would actually apply to the bankrupt party." *Labaty v. UWT, Inc.*, No. SA-13-CV-389-XR, 2013 November 28, 2017reWL 4520562, at *7 (W.D. Tex. Aug. 26, 2013) (internal quotation marks omitted). The Fifth Circuit has acknowledged the United States Court of Appeals for the Fourth Circuit's holding in *A.H. Robins Co., Inc. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986), that, "when the liability of the nonbankrupt is not independent of the debtor's liability and a judgment against the nonbankrupt will be binding upon the debtor's estate, the stay protection must be extended to encompass actions against the nonbankrupt." *Matter of S.I. Acquisition*, 817 F.2d at 1147-48. That is, the stay may be extended to "nonbankrupt co-defendants where 'there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the

third-party defendant will in effect be a judgment or finding against the debtor,'" but the Fifth Circuit has declined to extend the stay under this exception where "no claim of a formal tie or contractual indemnification had been made to create an identity of interests between the debtor and nondebtor." *Reliant*, 349 F.3d at 825 (quoting *A.H. Robins*, 788 F.2d at 999; citing *Arnold v. Garlock, Inc*, 278 F.3d 426, 436 (5th Cir. 2001)); *accord Lopez v. Trujillo*, 475 B.R. 550, 559 (N.D. Tex. 2012) ("The automatic stay forestalls action against debtors in bankruptcy, not co-debtors, co-tortfeasors, or other non-debtors. The Fifth Circuit has therefore held that it is well established that the protections of § 362 neither apply to co-defendants nor preclude severance. An exception to this general rule may apply to protect non-debtor co-defendants where there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor. Section 362, however, is rarely ... a valid basis on which to stay actions against non-debtors." (internal quotation marks and citations omitted)). "The party invoking the stay has the burden to show that it is applicable." *Beran*, 747 F. Supp. 2d at 723.

And the Court may exercise its discretion to stay a proceeding against a non-bankrupt co-defendant in the interests of justice and in control of its dockets. *See Wedgeworth*, 706 F.2d at 545. As to a discretionary stay issued for the benefit of non-debtor defendants, the Fifth Circuit has explained that such "[a] stay can be justified only if, based on a balancing of the parties' interests, there is a clear inequity to the suppliant who is required to defend while another action remains unresolved and if the

order granting a stay can be framed to contain reasonable limits on its duration." *GATX Aircraft Corp. v. M/V Courtney Leigh*, 768 F.2d 711, 716 (5th Cir. 1985).

There is no dispute that the Section 362(a) automatic stay applies to Plaintiffs' claims against Defendant Home Quality Care Home Health Care, Inc., d/b/a Bethany Home Health Services.

Otherwise, as Plaintiffs point out, on the issue of whether to extend a stay to the claims against Lassiter and Landers, only the FLSA claims against all of the defendants are the nub of the matter here. "Plaintiffs also filed individual and Federal Rule of Civil Procedure 23 class claims against Bethany only relative to wage theft for causes of action under Texas state law for quantum meruit and money had and money received. (ECF No. 1, ¶¶ 3, 39-51, & 87-91 (the 'Texas Wage Theft Claims')). The Texas Wage Theft Claims were not asserted against Lassiter and Landers." Dkt. No. 35 at 2.

In arguing for a stay of the claims against them, Lassiter and Landers rely on case law regarding joint liability under a contract, but that is not what is at issue on Plaintiffs' FLSA claims. Rather, as Plaintiffs also assert, "Plaintiffs' FLSA Claims allege that Lassiter and Landers are 'employers' under the FLSA, and are jointly and severally liable, along with Bethany, for the damages sought under the FLSA." *Id.* On that score, Lassiter and Landers argue that "there is a unitary interest here: any judgment against the one is a judgment against the other in either proceeding. Because, as Plaintiffs have alleged, both the Corporate Defendants and Lassiter and Landers are jointly and severally liable as co-employers, all four of these persons would

be bound by any judgment." Dkt. No. 37 at 5. And Lassiter and Landers note that, in the Court's prior decision on which Plaintiffs rely, the non-debtor defendant – unlike Lassiter and Landers – "'d[id] not assert that any exception to the general rule against extending a stay to a non-debtor applies to Plaintiffs' claims against it.'" Dkt. No. 37 at 5 (quoting *Uranga v. Holiday Market, Inc.*, No. 3:13-cv-2213-BN, 2014 WL 349716, at *2 (N.D. Tex. Jan. 31, 2014)).

Here, if the claims against Lassiter and Landers proceed, Plaintiffs will be seeking to prove the same FLSA liability that is alleged against the Corporate Defendants as Plaintiffs' employer and to also establish that Lassiter and Landers are joint employers under the FLSA and are jointly and severally liable for the same damages for which debtor corporate defendants would be liable. It is possible that a judgment under the FLSA against Lassiter and Landers – who have a relationship with the debtor as officers – would affect, and perhaps could be held to be binding on, the debtor defendant's estate.

But, under Fifth Circuit law, "the presence of identical allegations against the debtor and nondebtor defendants are an insufficient ground to extend the stay to the nondebtors. There must be an actual, as opposed to an alleged or potential, identity of interests, such that a judgment against the nonbankrupt parties would in fact be a judgment against the bankrupt party." *Beran v. World Telemetry, Inc.*, 747 F. Supp. 2d 719, 724 (S.D. Tex. 2010). Although they assert such an identity, Lassiter and Landers "have not demonstrated such a relationship and have not carried their burden to demonstrate that the § 362 stay may be extended to them." *Id.*

-8-

Lassiter and Landers contend that, "[o]ut of all of the cases cited [in their brief] and in Plaintiffs' brief, none discuss the preclusive effect (collateral estoppel or *res judicata*) from a judgment against a non-debtor defendant under FLSA that is binding against a debtor defendant in bankruptcy, or vice versa"; that "[t]his Court and the bankruptcy court may decide differently concerning liability under the FLSA"; "[b]ut any finding of liability would automatically be imputed from the Corporate Defendants to Landers and Lassiter because of joint and several liability, or from Landers and Lassiter to the Corporate Defendants by vicarious liability or joint and several liability." Dkt. No. 37 at 6.

But the United States Court of Appeals for the Second Circuit has noted that "[w]e have not located any decision applying the stay to a non-debtor solely because of an apprehended later use against the debtor of offensive collateral estoppel or the precedential effect of an adverse decision." *Queenie, Ltd. v. Nygard Int'l*, 321 F.3d 282, 288 (2d Cir. 2003); *accord In re Divine Ripe, L.L.C.*, 538 B.R. 300, 306 (Bankr. S.D. Tex. 2015) ("Other than the similarity between Frescos Tomver's claims against the Debtor and its claims against the individual defendant Jimenez and the potential application of collateral estoppel, the record provides no basis to conclude that a judgment against the individual defendant Jimenez would in effect be a judgment against the Debtor."); *Beran*, 747 F. Supp. 2d at 723 ("Other than the similarity between Beran's claims against World Telemetry and his claims against the individual defendants and the potential application of collateral estoppel, the record provides no basis to conclude

that a judgment against the individual defendants would in effect be a judgment against World Telemetry.").

And – although they state that, "tellingly, none of the cases cited actually discuss the underlying issue in the present lawsuit" – Lassiter and Landers do not point to any decision applying the automatic stay to a non-debtor solely because of an apprehended later use against the debtor (or non-debtor) of offensive collateral estoppel or the precedential effect of an adverse decision. As the Second Circuit has noted, "[i]f such apprehension could support application of the stay, there would be vast and unwarranted interference with creditors' enforcement of their rights against non-debtor co-defendants." *Queenie*, 321 F.3d at 288.

But, as another court in this circuit recently explained,

> [w]hile the facts of the case do not appear to meet the requirements listed above for an extension of the § 362 automatic stay, "courts may also exercise their discretion to stay a proceeding against non-bankrupt co-defendants 'in the interests of justice and in control of their dockets.'" *Id.* at *3 (quoting *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 451, 545 (5th Cir. 1983). In *Federal Life Insurance Company (Mutual) v. First Financial Group of Texas, Inc.*, [3 B.R. 375 (S.D. Tex. 1980),] the United States District Court for the Southern District of Texas found that when the allegations raised against co-defendants are "inextricably interwoven" with claims against the debtor, making severance inappropriate, a court may stay proceedings against the non-debtor co-defendants until the § 362 stay is lifted against the debtor. *First Financial*, 3 B.R. at 376-77 ("[T]he Court is persuaded that the automatic stay applies to judicial proceedings against a debtor in bankruptcy and its codefendants, when, as here, the allegations against them arise from the same factual and legal basis.") (emphasis added). *See also Cashman v. Montefiore Medical Center*, 191 B.R. 558, 561 (S.D.N.Y. 1996) (finding that the only alternatives in this situation are severance or extending the stay). Furthermore, the United States Court of Appeals for the Fifth Circuit confirmed the *First Financial* holding that when severance is not practicable, courts may exercise their discretion to stay proceedings with

-10-

respect to the non-debtor co-defendants. *See Matter of S.I. Acquisition, Inc.*, 817 F.2d 1142, 1147 n.4 (5th Cir. 1987) (noting that the First Financial court permissibly stayed the entire case due to a "joinder of parties issue"); *GATX Aircraft Corp. v. M/V Courtney Leigh*, 768 F.2d 711, 716 (5th Cir. 1985) (acknowledging that the *First Financial* court permissibly instituted a stay "because the allegations raised against co-defendants who were principals of the debtor were 'inextricably interwoven' with claims against the debtor," making severance inapt). Severance or separate trials are not suitable options here due to the fact that the claims by and against Ryan Hess are inextricably interwoven with the claims by and against his non-debtor co-defendants. Consequently, an extension of the automatic stay to all co-defendants is the most sensible option in this case.

*Abrams v. Integrated Pro Servs., LLC*, Civ. A. No. 07-8426, 2015 WL 7458604, at *4

(E.D. La. Nov. 24, 2015). That decision cited to another judge's extensive discussion of

the standards for severing claims and ordering separate trials, which explained that

Federal Rule of Civil Procedure 21 provides that a court may "sever any claim against a party." Under Rule 21, a "district court has the discretion to sever an action if it is misjoined or might otherwise cause delay or prejudice." *Applewhite v. Reichhold Chems.*, 67 F.3d 571, 574 (5th Cir. 1995). Courts have considered the following factors when deciding to sever a claim:

> (1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common questions of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for the separate claims.

"Severance under Rule 21 creates two separate actions or suits where previously there was but one. Where a single claim is severed out of a suit, it proceeds as a discrete, independent action, and a court may render a final, appealable judgment in either one of the resulting two actions notwithstanding the continued existence of unresolved claims in the other." *United States v. O'Neil*, 709 F.2d 361, 368 (5th Cir.1983).

Alternatively, under Federal Rule of Civil Procedure 42(b), "a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims" may be ordered "[f]or convenience, to avoid prejudice, or to expedite and economize." However, "separation

-11-

of issues is not the usual course that should be followed." *Response of Carolina, Inc. v. Leasco Response, Inc.*, 537 F.2d 1307, 1324 (5th Cir .1976). "[T]here is an important limitation on ordering a separate trial of issues under Rule 42(b): the issue to be tried must be so distinct and separate from the others that a trial of it alone may be had without injustice." *McDaniel v. Anheuser-Busch, Inc.*, 987 F.2d 298, 305 (5th Cir. 1993) (quoting *Swofford v. B. & W., Inc.*, 336 F.2d 406, 415 (5th Cir. 1964), *cert. denied*, 379 U.S. 962, 85 S.Ct. 653, 13 L.Ed.2d 557 (1965)). The limitation recognizes that, inherent in the Seventh Amendment's guarantee of a trial by jury, is the "general right of a litigant to have only one jury pass on a common issue of fact." *Alabama v. Blue Bird Body Co.*, 573 F.2d 309, 318 (5th Cir. 1978). There is the "additional, pragmatic" consideration that, "if two juries were allowed to pass on an issue involving the same factual and legal elements, the verdicts rendered by those juries could be inconsistent, producing intolerably anomalous results." *McDaniel*, 987 F.2d at 305; *Blue Bird Body Co.*, 573 F.2d at 318. In contrast to severance under Rule 21, an order for separate trials under Rule 42(b) will result in a single judgment that may not be appealed until the end of both trials. *See McDaniel* at 304 n.19.

The party seeking severance under Rule 21 or separate trials under Rule 42(b) bears the burden of proving that such action is necessary.

*Aspen Technology, Inc. v. Kunt*, No. 4:10-cv-1127, 2011 WL 86556, at *2-*3 (S.D. Tex.

Jan. 10, 2011) (citations omitted).

The Court faces the same issue here. The FLSA claims against all of the

defendants arise out of the same transactions or occurrences, present common

questions of law and fact, and will involve at least many of the same witnesses and

documentary proof, such that judicial economy would not be facilitated by resolving

them in separate actions and potentially with separate trials. Severance is therefore

not appropriate – and neither is ordering separate trials where the issues to be tried

on the FLSA claims against Lassiter and Landers are not be so distinct and separate

from those to be tried against the Corporate Defendants, and, where, as Lassiter and

Landers point out, if two juries are allowed to pass on an issue involving the same factual and legal elements, the verdicts rendered by those juries could be inconsistent, producing intolerably anomalous results.

As in *Abrams*, Plaintiffs have "not demonstrated what hardship [they] may face going forward if the debtor's claims are not severed. On the other hand, Defendants argue that severance of the debtor's claims would not only lead to undue prejudice but would prove inefficient and inconvenient due to the similarities discussed above." 2015 WL 7458604, at *3. In an exercise of the Court's discretion, the Court determines that, where "[s]everance or separate trials are not suitable options here due to the fact that the [FLSA] claims [against the Corporate Defendants] are inextricably interwoven with the [FLSA] claims [] against [their] non-debtor co-defendants," staying the claims as "to all co-defendants is the most sensible option in this case." *Id.* at *4; *accord Lanard Toys Ltd. v. Toys "R" Us-Delaware, Inc.*, No. 3:15-cv-849-J-34PDB, 2017 WL 5256870, at *3-*6 (M.D. Fla. Nov. 13, 2017).

## Conclusion

Under the particular circumstances of this case, the Court determines that, in the interest of justice and to appropriately control the Court's docket, this case should be stayed until the automatic stay as to Defendant Home Quality Care Home Health Care, Inc., d/b/a Bethany Home Health Services is lifted, either by conclusion of the bankruptcy or an order from the bankruptcy court granting relief from the automatic stay. After the stay is lifted, the Court will enter a new scheduling order.

Accordingly, the Court ORDERS that, because Plaintiffs Sabrina A. Blundell and Alicia K. Morgan's claims against Defendant Home Quality Care Home Health Care, Inc., d/b/a Bethany Home Health Services are subject to 11 U.S.C. § 362(a)'s automatic stay protections and, in an exercise of the Court's sound discretion, the case should also be stayed as to Plaintiffs Sabrina A. Blundell and Alicia K. Morgan's claims against the non-debtor co-defendants Bradley P. Lassiter and Wyndall S. Landers, this case is STAYED, subject to this stay's being lifted upon the motion of any party once the 11 U.S.C. § 362 automatic stay is lifted – either by conclusion of the bankruptcy or an order from the bankruptcy court granting relief from the automatic stay – and all pending, unexpired deadlines are terminated.

Rather than abate the case, the Court will administratively close this case so that it does not continue to age. Any case over three years old is considered an "old" case by the Administrative Office and is put on a national report. The age of a case continues to accrue if it is merely stayed or abated; but, if it is administratively closed, the time is tolled with the case's age. Accordingly, the Court administratively closes this case and instructs the United States District Clerk to submit a JS-6 form to the Administrative Office, thereby removing this case from the statistical records.

Any party may move to reopen the case and lift the stay as appropriate based on further developments. The right to seek the lifting of the stay and reopening of the case will continue until the earlier of 30 days after Home Quality Care Home Health Care, Inc., d/b/a Bethany Home Health Services's bankruptcy proceedings are concluded or 30 days after entry of an order from the bankruptcy court granting relief

from the automatic stay as to Home Quality Care Home Health Care, Inc., d/b/a Bethany Home Health Services.

Every **120 days** after the date of entry of this order, the parties must file a joint status report concerning the bankruptcy proceedings involving Defendant Home Quality Care Home Health Care, Inc., d/b/a Bethany Home Health Services, as those proceedings relate to this action.

SO ORDERED.

DATED: November 29, 2017

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE