IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SABRINA A. BLUNDELL, on behalf of Herself and all others similarly situated, and ALICIA K. MORGAN, on behalf of Herself and all others similarly situated, <br><br> Plaintiffs, <br><br> V. <br><br> HOME QUALITY CARE HOME HEALTH CARE, INC. d/b/a Bethany Home Health Services, BRADLEY P. LASSITER, and WYNDALL S. LANDERS, <br><br> Defendants. | § § § § § § § § § § § § § § § § § § | No. 3:17-cv-1990-L-BN |

## MEMORANDUM OPINION AND ORDER

### Background

This case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Sam A. Lindsay. *See* Dkt. No. 18.

On November 29, 2017, the Court determined that, in the interest of justice and to appropriately control the Court's docket, this case should be stayed until the automatic stay as to Defendant Home Quality Care Home Health Care, Inc., d/b/a Bethany Home Health Services is lifted, either by conclusion of the bankruptcy or an order from the bankruptcy court granting relief from the automatic stay, and therefore ordered that, because Plaintiffs Sabrina A. Blundell and Alicia K. Morgan's claims

against Defendant Home Quality Care Home Health Care, Inc., d/b/a Bethany Home Health Services are subject to 11 U.S.C. § 362(a)'s automatic stay protections and, in an exercise of the Court's sound discretion, the case should also be stayed as to Plaintiffs Sabrina A. Blundell and Alicia K. Morgan's claims against the non-debtor co-defendants Bradley P. Lassiter and Wyndall S. Landers, subject to this stay's being lifted upon the motion of any party once the 11 U.S.C. § 362 automatic stay is lifted – either by conclusion of the bankruptcy or an order from the bankruptcy court granting relief from the automatic stay – and all pending, unexpired deadlines are terminated. *See* Dkt. No. 40 (the "Order").

Plaintiffs have filed a Motion to Modify the Magistrate Judge's Order Staying this Case. *See* Dkt. No. 41 (the "Motion to Modify"). They ask the Court to "modify the Order staying this lawsuit in order to: (a) toll the statute of limitations under the federal Fair Labor Standards Act ('FLSA') as to all claims of all absent collective action members against Defendant Home Quality Care Home Health Care, Inc. d/b/a Bethany Home Health Services ('Bethany'), Bradley P. Lassiter ('Lassiter'), and Wyndall S. Landers ('Landers') (collectively 'Defendants') for a time period equaling the pendency of the subject bankruptcy proceeding by Bethany; and (b) require Defendants to maintain and preserve all data identified in 29 C.F.R. § 516.2 relative to Plaintiffs and the putative FLSA collective action members in addition to the last known mailing address, phone number(s), and e-mail address(es) for each of the FLSA putative collective action members for the time period of July 27, 2014 and forward," *id.* at 1-2 (footnote omitted).

Plaintiffs explain that "[t]he reason for this requested modification is because, unlike Rule 23 class actions, the FLSA limitations period is not tolled for absent collective action members upon the filing of the lawsuit. Instead, the limitations period for FLSA putative collective action members continues to run until each such individual files a consent to join the lawsuit as an opt-in plaintiff pursuant to 29 U.S.C. § 216(b)" and that, "[a]ccordingly, as the Court has stayed this case indefinitely as to all Defendants during the pendency of Bethany's bankruptcy action, absent collective action members will suffer irreparable harm as they will lose their right to seek recovery of some or all damages from Landers and/or Lassiter due to the running and/or expiration of their FLSA statute of limitations once this lawsuit resumes." *Id.* at 2.

Plaintiffs' counsel "represents to the Court that he has found no case law on point to the issue before this Court – whether equitable tolling should be allowed in situations where the district court stays a FLSA case against all defendants due to bankruptcy proceedings of one of the defendants prior to conditional certification and close of the notice period" – and asserts that "[t]he absence of such case law supports Plaintiffs' position that this is a 'rare and exceptional' circumstance which warrants equitable tolling of the FLSA limitations period for absent collective action members." *Id.* at 5. According to Plaintiffs, "[a] review of the docket in this case shows that Plaintiffs have acted 'diligently' and that the delay in putative collective action members being issued court-ordered notice and the opportunity to opt-into this case is due to the extraordinary circumstances of Bethany's bankruptcy filing and this

-3-

Court's ruling extending the bankruptcy stay provisions to Lassiter and Landers, Defendants who are not otherwise subject to the Section 362 bankruptcy stay provision," and "a 'strict application' of the FLSA limitations period in this case by not tolling the FLSA limitations period would result in the type of 'harsh' application of the limitations period cautioned against by the Fifth Circuit." *Id.* at 5-6 (quoting *Orozco v. Anamia's Tex-Mex Inc.*, No. 3:15-cv-2800-L-BK, 2016 WL 6311237, at *1 (N.D. Tex. Oct. 6, 2016), *rec. adopted*, 2016 WL 6277843 (N.D. Tex. Oct. 27, 2016); *United States v. Patterson*, 211 F.3d 927, 931 (5th Cir. 2000)). Invoking Federal Rules of Civil Procedure 60(a) and 60(b)(6) in support of their requests, Plaintiffs explain that they "believe the Court did not intend to cut off the ability of FLSA putative collective action members to assert their claims for damages against Lassiter and Landers in issuing its Order." *Id.* at 8.

As to their second request, Plaintiffs assert that, "[f]urthermore, unless Defendants are ordered to retain and preserve the data requested herein, issuing notice to putative collective action members and/or having access to records relative to their damage calculations may be lost or destroyed." *Id.* at 2.

Through the Motion to Modify, "Plaintiffs, on behalf of themselves and the putative collective action members, ask that [the Court] modify the Order to toll the FLSA statute of limitations and require Defendants to maintain and preserve the requested data" and that, "[i]n the event the Court declines to grant that relief, ... that the Court modify the Order so as to permit the case to resume against Lassiter and Landers while severing the claims against Bethany." *Id.* (footnote omitted).

Lassiter and Landers respond that no extraordinary circumstances are present to justify Rule 60(b)(6) relief, where "[n]o change in facts or circumstances has occurred since the briefing was completed with respect to the Briefs Regarding Suggestion of Bankruptcy filed by Plaintiffs (Dkt. 35) and Defendants (Dkt. 37)"; "[t]he fact that the statute of limitations is running for individuals who are not parties to the case has been true since the date Plaintiffs decided to file their lawsuit, since Bethany filed a suggestion of bankruptcy, and since the briefing referenced above was completed"; and "Plaintiffs were not concerned about the running of the statute of limitations at that time." Dkt. No. 43 at 1-2 (emphasis omitted).

But "Defendants will agree to maintain any data in their possession, custody, and control and do not oppose that portion of Plaintiffs' Motion" to Modify. *Id.* at 2.

Plaintiffs reply that "Defendants' Response appears to advance the argument that an order may only be modified under the following limited circumstances: (1) mistake, (2) newly discovered evidence, (3) fraud, (4) a void or satisfied judgment or (5) any other reason that justifies relief after a showing of extraordinary circumstances," but Plaintiffs contend that "this Court has broad discretion under Rule 60 to modify its order and may do so either upon motion or *sua sponte*, with or without notice." Dkt. No. 44 at 1-2.

Plaintiffs explain that they "hold a good-faith belief that, in issuing its order, the Court did not intend to deny the FLSA putative collective action members the ability to assert their claims for damages against non-debtor defendants Lassiter and Landers" and that, "[s]hould this be the case, this Court would not be bound by the

'limited circumstances' suggested in Defendants' Response" but, rather, "the plain language of [Rule 60(a)] allows district courts to modify orders based on oversights either 'on motion or on its own, with or without notice.'" *Id.* at 3-4 (quoting FED. R. CIV. P. 60(a)).

Plaintiffs also argue that, while Defendants further argue "that (1) before an order may be modified under FRCP 60(b)(6), there must be 'a showing of extraordinary circumstances' and (2) that '[n]o extraordinary circumstances are present here,'" "Plaintiffs specifically set forth in their Motion to Modify the 'rare and exceptional circumstances' which exist in this case to justify equitable tolling." *Id.* (quoting Dkt. No. 43 at 1-2; citing Dkt. No. 41 at 5-7).

Finally, Plaintiffs explain that, "[i]n addition to the rare and exceptional circumstance expressly set forth in Plaintiffs' Motion to Modify, Plaintiffs' motion also sets forth an additional extraordinary circumstance by implication." *Id.* at 4 (emphasis omitted). "Namely, Plaintiffs asserted in their motion that, should the Court deny Plaintiffs' [Motion to Modify], Plaintiffs' recourse would be to seek relief from the automatic stay from the bankruptcy court for the specific purpose of preserving the opt-in plaintiffs' FLSA claims given the running of the statute of limitations," but that "Plaintiffs respectfully assert that a better use of judicial resources would be for this Court to modify the Order to toll the FLSA limitations period as to the claims of all absent collective action members for a time period equaling the pendency of the subject bankruptcy proceeding by defendant Bethany," which "would also reduce legal fees for both Plaintiffs and Defendants." *Id.*

**Legal Standards**

Federal Rule of Civil Procedure 60(b) provides that, "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding" for a variety of enumerated reasons. FED. R. CIV. P. 60(b). "[T]he Rule's catchall category, subdivision (b)(6) ... permits a court to reopen a judgment for 'any other reason that justifies relief.'" *Buck v. Davis*, 137 S. Ct. 759, 777 (2017) (quoting FED. R. CIV. P. 60(b)(6)).

"Rule 60(b) vests wide discretion in courts, but ... Rule 60(b)(6) is available only in 'extraordinary circumstances,'" *Id.*; *accord Diaz v. Stephens*, 374 (5th Cir. 2013). "[I]n determining whether extraordinary circumstances are present, a court may consider a wide range of factors. These may include, in an appropriate case, 'the risk of injustice to the parties' and 'the risk of undermining the public's confidence in the judicial process.'" *Buck*, 137 S. Ct. at 778; *see also Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 357 (5th Cir. 1993) ("As for a motion under clause (6), the movant must show the initial judgment to have been manifestly unjust." (internal quotations and citation omitted)).

Federal Rule of Civil Procedure 60(a) provides that "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record" and that "[t]he court may do so on motion or on its own, with or without notice." FED. R. CIV. P. 60(a). "A Rule 60(a) motion is appropriate where the record makes apparent that the court intended one thing but by merely clerical mistake or oversight did another" – but "Rule 60(a) does

not confer a perpetual right to apply different legal rules or different factual analyses to a case," and "the error addressed by a proper Rule 60(a) motion must not be one of judgment or even of misidentification, but merely of recitation." *NewCSI, Inc. v. Staffing 360 Solutions, Inc.*, 865 F.3d 251, 263 (5th Cir. 2017) (internal quotation marks and citations omitted).

Federal Rule of Civil Procedure 54(b) provides that, in a case involving multiple claims or parties, "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties ... may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." FED. R. CIV. P. 54(b). "Under Rule 54(b), 'the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law.'" *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990) (citing FED. R. CIV. P. 54(b)), *abrogated on other grounds*, *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 n.14 (5th Cir. 1995)).

**Analysis**

Taking up Plaintiffs' second request first, the Court will, without opposition, ORDER that Defendant Home Quality Care Home Health Care, Inc. d/b/a Bethany Home Health Services, Bradley P. Lassiter, and Wyndall S. Landers maintain and preserve all data identified in 29 C.F.R. § 516.2 relative to Plaintiffs Sabrina A. Blundell and Alicia K. Morgan and the putative FLSA collective action members – to

the extent that the data is in Defendants' possession, custody, and control – along with the last known mailing address, phone number(s), and e-mail address(es) for each of the FLSA putative collective action members for the time period of July 27, 2014 and forward.

As to Plaintiffs' first request, this case has not proceeded to conditional certification as a 29 U.S.C. § 216(b) collective action. 29 U.S.C. § 216(b) provides that a FLSA action "may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."

"Thus, the FLSA allows an employee to bring a claim on behalf of other similarly-situated employees, but the other employees do not become plaintiffs in the action unless and until they consent in writing." *Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 915 (5th Cir. 2008) (footnote omitted). As such, under Section 216(b), "no person can become a party plaintiff and no person will be bound by or may benefit from judgment unless he has affirmatively 'opted into' the class; that is, given his written, filed consent." *Id.* at 916 (internal quotation marks omitted).

And, even at the conditional certification stage, "[t]he sole consequence of conditional certification is the sending of court-approved written notice to employees, who in turn become parties to a collective action only by filing written consent with the

court, § 216(b)," *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 75 (2013), and, for the Court to decide to conditionally certify a collective action and authorize notice, the plaintiff must establish that there are other potential class members who are "similarly situated in their job requirements and pay provisions," *Marshall v. Eyemasters of Tex., Ltd.*, 272 F.R.D. 447, 449 (N.D. Tex. 2011) (internal quotations omitted).

But "individuals who are already aware of the suit and want to join as plaintiffs need not wait until collective-action certification to do so. Courts may allow such parties to join before the case has been certified as a collective action." *Muhammad v. GBJ, Inc.*, Civ. A. No. H-10-2816, 2011 WL 2357369, at *1 (S.D. Tex. June 10, 2011).

The only plaintiffs before the Court in this case are Sabrina A. Blundell and Alicia K. Morgan, who now ask the Court to toll the FLSA's statute of limitations as to all claims of all absent collective action members against Bethany, Lassiter, and Landers.

The United States Court of Appeals for the Fifth Circuit "strictly construes the FLSA's limitations provision, allowing equitable tolling only" in limited circumstances. *Orozco*, 2016 WL 6311237, at *1. Against the backdrop of the governing law as to 29 U.S.C. § 216(b) laid out above, Plaintiffs have not established rare and exceptional circumstances to justify ordering their requested equitable tolling, such as "that potential opt-in plaintiffs were unaware of their rights, barred from asserting their rights, or have been diligently pursuing their rights but have been prevented from

joining the action due to reasons beyond their control," *Mejia v. Brothers Petroleum, LLC*, Civ. A. No. 12-2842, 2014 WL 3853580, at *2 (E.D. La. Aug. 4, 2014).

The Court determines that modifying the Court's Order under Rules 54(b) or 60(b) is not warranted under the circumstances.

And, as Defendants point out, Plaintiffs did not raise these issues until now. There was no mistake in the Court's Order arising from oversight or omission to which a Rule 60(a) motion is properly addressed, where "granting the [Motion to Modify] would require the [Court] either to adjudicate an issue it has not previously reached or to make a substantive modification to a prior adjudication." *Rivera v. PNS Stores, Inc.*, 647 F.3d 188, 199 (5th Cir. 2011). This is not a circumstance in which "the record makes it clear that an issue was actually litigated and decided but was incorrectly recorded in or inadvertently omitted from the judgment," such that the Court "can correct the [Order] under Rule 60(a)." *Id.*

For these reasons, the Court will deny Plaintiffs' request to either modify the Order to toll the FLSA statute of limitations or permit the case to resume against Lassiter and Landers while severing the claims against Bethany.

**Conclusion**

For the reasons and to the extent explained above, the Court GRANTS in part and DENIES in part Plaintiffs Sabrina A. Blundell and Alicia K. Morgan's Motion to Modify the Magistrate Judge's Order Staying this Case [Dkt. No. 41].

SO ORDERED.

DATED: January 3, 2018

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE